IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICIA ZELLMER<br>Plaintiffs, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No.   1:23-cv-447 |
| STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§ | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On March 7, 2023, Plaintiff Patricia Zellmer filed her Original Petition in the 250th Judicial District Court of Travis County under Cause No. D-1-GN-23-001412, captioned *Patricia Zellmer v. State Farm Lloyds*.[1]

2. Service of suit upon State Farm's registered agent occurred on August 16, 2022 and State Farm timely answered thereafter on April 14, 2023.[2]

3. State Farm now timely files this Notice of Removal within thirty (30) days of service of suit.

### *Nature of the Suit*

4. This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claim for damages allegedly caused by a storm event occurring on or about March 21, 2022 at

---

[1] *See* Exhibit A, Plaintiff's Original Petition at page 1.
[2] *See* Exhibit A, State Farm's Original Answer.

Plaintiff's property located at 4621 Grand Cypress Drive, Austin, Texas 78747. Plaintiff asserts causes of action against State Farm for breach of contract, noncompliance with the Texas Insurance Code (unfair settlement practices, prompt payment of claims), breach of the duty of good faith and fair dealing, and violation of the Texas Deceptive Trade Practices Act. Plaintiff currently seeks to recover actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, treble damages, statutory damages, exemplary damages, attorneys' fees and costs of court.

### Basis for Removal

5. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3] The Original Petition asserts Plaintiff is seeking monetary relief of "$250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."

6. Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed, and continues to be a citizen of Texas.

7. At the time Plaintiff's Original Petition was filed in State District Court on March 7, 2023 naming State Farm as Defendant, and as of the date of filing this Notice, State Farm was and is not a citizen of the State of Texas for diversity jurisdiction purposes.[4] State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. *See Royal Ins. Co. of Am.*

---

[3] *See* Exhibit A, Plaintiff's Original Petition, ¶ 4.
[4] *See* Exhibit B, Affidavit of Weslie Sawyer; *see also Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer). *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas. This means State Farm and the Plaintiffs are completely diverse.")

*v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).[5] At the time this lawsuit was filed, and all times relevant to determining diversity jurisdiction, all of the underwriters were and are domiciled in Illinois[6]. Specifically, all underwriters are residents of Illinois, employed in Illinois, and are intending to remain domiciled in Illinois during their time as an underwriter for State Farm.[7] Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen.

8. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff made a pre-suit DTPA demand to State Farm for the sum of $32,584.21, with a threat of demand for $97,752.63 "after suit is commenced."[8] Consistent with the amount sought in the Petition, this dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

9. In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[9] Here, Plaintiff claims severe weather caused damage to the property that Plaintiff insured through

---

[5] *See* Exhibit B, Affidavit of Weslie Sawyer.
[6] *Id.*
[7] *Id.*
[8] Plaintiff asserted actual damages in the amount of $31,584.21 based upon Public Adjuster Robby Wadley of J.R. Claims Consultants' inspection. *See* Exhibit C, Plaintiff's DTPA demand letter.
[9] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

State Farm.[10] Plaintiff seeks damages for State Farm's alleged failure to pay what was owed under the terms of Plaintiff's insurance contract.[11] The Policy at issue for the reported date of loss is a Texas Homeowners Policy with coverage limits of $407,700 for the dwelling and $305,775 for personal property.

10. In addition, Plaintiff seeks actual damages and statutory interest penalties.[12] Plaintiff also seeks attorney fees for bringing this suit.[13] Thus, given the plain language of the pleading, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

11. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiffs to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

12. State Farm was first served with Plaintiff's Original Petition in District Court on March 23, 2023. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

13. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

---

[10] *See* Exhibit A, Plaintiff's Original Petition, ¶ 7 and ¶ 10.
[11] *See* Exhibit A, Plaintiff's Original Petition,. ¶¶ 25-27.
[12] *See* Exhibit A, Plaintiff's Original Petition, ¶¶ 59-63.
[13] *See* Exhibit A, Plaintiff's Original Petition, ¶ 64.

15. Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 250th Judicial District Court for Travis County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 250th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas – Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:   (210) 227-4602
dstephens@lsslaw.com


By: _____
David R. Stephens
State Bar No. 19146100

COUNSEL FOR DEFENDANT STATE FARM LLOYDS

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – Austin Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the **20th day of April, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

    Shaun W. Hodge
    Racchel D. Cabrera
    THE HODGE LAW FIRM, PLLC
    The Historic Runge House
    1301 Market Street
    Galveston, Texas 77550
    shodge@hodgefirm.com
    rcabrera@hodgefirm.com

                                                               David R. Stephens