IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICIA ZELLMER, | § | NO. 1:23-CV-447-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

ORDER ADMINISTRATIVELY CLOSING CASE

The matter before the Court is the parties Joint Motion to Abate Pending Outcome of Appraisal.  (Dkt. # 9.)  In the motion, the parties inform the Court that Plaintiff has demanded an appraisal of its property, which will be pertinent to the claims at issue in this case.  (Id. at 1.)  Because the outcome of the appraisal may affect Plaintiff's claims, the parties ask the Court to abate further proceedings in this case pending the outcome of the appraisal.  (Id. at 2.)

Upon review, the Court finds that an administrative closure of the case is appropriate at this time.  An administrative closure is "a postponement of proceedings," rather than "a termination."  S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  Mire v. Full Spectrum Landing, Inc., 389 F.3d 163, 167 (5th Cir. 2004).

The Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, June 26, 2023.

_____
David Alan Ezra
Senior United States District Judge